IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BRETT S. STETTNER, INDIVIDUALLY AND d/b/a STETTNER INVESTMENT DIAMONDS | § § § § § | |
| PLAINTIFF, | § § | CIVIL ACTION NO. _____ |
| V. | § § | JURY TRIAL REQUESTED |
| LEON COHEN, INDIVIDUALY AND d/b/a SRW INTERNATIONAL, AND BEN KINZLER | § § § § | |
| DEFENDANTS. | § § | |

## ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff, BRETT S. STETTNER, individually and d/b/a Stettner Investment Diamonds (referred to herein as "Stettner"), complaining of Defendants LEON COHEN, individually and d/b/a SRW International ("Cohen"), and BEN KINZLER ("Kinzler") (collectively "Defendants") and for causes of action, would respectfully show this Court the following:

### PARTIES

**A.     PLAINTIFFS**

1.     Plaintiff Brett S. Stettner is an individual residing and domiciled in Harris County, Texas.

B.  **DEFENDANTS**

2.  Defendant Leon Cohen, individually and d/b/a SRW International, is an individual citizen of the State of Connecticut.  Cohen is an individual who has conducted business in this state but does not maintain an agent for service of process in this state.  Pursuant to Texas Long-Arm Statute (Tex. Civ. Prac. & Rem. Code § 17.044), the Texas Secretary of State is an agent for service of process on Cohen.  Cohen can be served by serving the Texas Secretary of State with duplicate copies of process (summons and complaint) with notice sent to Defendant Leon Cohen at his residence: 157 Imperial Ave., Westport, CT 06880-4907 by certified mail, return receipt requested.

3.  Defendant Ben Kinzler, is an individual citizen of the State of New York.  Kinzler's actions constitute the conduct of business in Texas, but he does not maintain an agent for service of process in Texas.  Pursuant to Texas Long-Arm Statute (Tex. Civ. Prac. & Rem. Code § 17.044), the Texas Secretary of State is an agent for service of process on Kinzler.  Kinzler can be served by serving the Texas Secretary of State with duplicate copies of process (summons and complaint) with notice sent to Defendant Ben Kinzler at his place of business: 130 West 42nd Street, 25th Floor, New York, New York 10036, by certified mail, return receipt requested.

**JURISDICTION AND VENUE**

4.  This court has jurisdiction under 28 U.S.C. § 1332(a).  Venue is proper in this District under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

2

## FACTUAL BACKGROUND

5.      Stettner and Cohen are two merchants in the wholesale diamond business. They both sell loose diamonds and jewelry for their own accounts and as brokers for the account of others. Beginning in 2011, they collaborated on several sales of large diamonds and jewelry, as brokers (for each other) and as partners in ownership of diamonds. In 2012, in a series of transactions, they had agreements for the joint marketing and sale of numerous loose diamonds and jewelry, some in a broker-principal relationship, and some in partnership relationship. Stettner's claims arise out of these dealings.

6.      Acting as partners, Stettner and Cohen agreed to purchase a parcel of loose diamonds for approximately one million dollars. Stettner paid a $20,000 cash (earnest money) deposit for delivery of the diamonds. When the diamonds were delivered to Cohen, he decided to reject the goods and back out of the agreement. To induce Stettner to go along with the cancellation, Cohen promised to reimburse Stettner the amount of the deposit. In reliance on this promise, Stettner agreed to the cancellation; however, Cohen never paid Stettner the deposit funds.

7.      The parties also agreed to a partnership for the sale of a 4 carat Ascher cut stone and a 4.14 carat Orange diamond. During this time, Cohen also acted as broker for Stettner in the sale of several other stones to third parties. Stettner and Cohen would also sell diamonds among themselves for ultimate sale to third parties. The understanding was that one would pay the other party by check with the agreement that the payment check could be deposited once the diamond was ultimately sold (and funds received). Despite this agreement, on several occasions, Cohen deposited Stettner's checks prematurely to intentionally orchestrate a "returned check"

situation to make it appear that Stettner had defaulted in his agreements for payment. Cohen admitted the error and blamed the inadvertent deposit (of the check) on others. Stettner wired funds to Cohen or presented cashier's checks for payment to satisfy the obligations.

8. In line with the arrangement, Cohen sold two yellow diamonds to Stettner (for $132,888) for sale to Stettner's client. Despite their understanding to hold checks until payment was received from the purchaser, Cohen deposited Stettner's check prematurely, which caused the check to be dishonored. About the same time, the parties agreed to a partnership for another stone that required Stettner to pay Cohen $121,944 to "balance" their respective investments in the merchandise. Due to a dispute with the bank, Stettner was unable to access funds immediately; however, he was able to do so after a short time. Within a few weeks, Stettner advised Cohen that he had two cashier's checks for the full amount of each transaction ($132,888 and $121,944); however, Cohen refused to accept the payment, unless Stettner made additional concessions on other stones Cohen had in his possession (which were owned either entirely or partially by Stettner).

9. At this time, Cohen was working on Stettner's behalf to broker the sale of a 20 carat diamond to a potential client for (over) $400,000.00, and Cohen had the stone in his possession. In addition, Cohen had many other diamonds (owned by Stettner) in his possession for the purpose of participating in a trunk show at Neiman Marcus in Texas through a jewelry designer, Victoria Tse. Cohen proposed to Stettner the trunk show opportunity and Stettner granted Cohen access to Stettner's secured storage within the DGA vault in the basement of the International Diamond Tower (also Cohen's office building) for the express purpose of exhibiting merchandise at the trunk show. Cohen accessed the vault and "helped himself" to Stettner's

inventory of loose diamonds, jewelry mountings, and miscellaneous gemstones to assemble for the showing in Houston, Texas. Cohen promised to account to Stettner for all merchandise taken from the vault; however, he has not done so and has withheld the merchandise from Stettner. To this date, Cohen continues to hold Stettner's property and business inventory without authority, and he has not accounted to Stettner for any sales or profits from the trunk show. In effect, Cohen has stolen the jewelry and loose diamonds that belong to Stettner when he was to exhibit them for sale in Texas. Prominent pieces in the inventory include a 20 carat round diamond, an emerald necklace and earring set, a 12.68 carat Fancy Yellow diamond, and others.

10. When Stettner tried to secure possession of the 20 carat diamond to effect a sale, Cohen reported that he was in the middle of negotiations toward a sale for Stettner's account. When the parties could not resolve the disagreement for marketing the diamond, Stettner demanded that the parties convene immediately to settle all accounts. While trying to arrange such a meeting, Defendant Kinzler contacted Stettner to propose a resolution of the partnership stones, but required the forfeiture of Stettner's business property to Cohen (that was in Cohen's possession from the Texas trunk sale transaction). Kinzler refused to consider Stettner's ownership of the other merchandise or return it to him, despite the fact that Stettner was ready, willing, and able to settle the partnership accounts. Stettner believes that Kinzler and Cohen conspired together to take Stettner's merchandise that Cohen had in his possession by refusing to settle partnership accounts independent of the other collaborations between the parties.

11. Because of Cohen's and Kinzler's actions and concerted efforts, they are currently in possession of a significant portion of Stettner's business inventory having a considerable value. A list of the inventory and property is set out in the attached Exhibit A, along with a

statement of each piece's reasonable value.  The total amount of merchandise lost and related costs suffered as damages by Stettner exceeds $2,000,000.00.  Because Cohen has withheld Stettner's business inventory, Stettner has also suffered losses of business opportunities and loss of profits.  Stettner has also suffered loss of his business reputation.

## FIRST CLAIM FOR RELIEF

12.     Plaintiff repeats the allegations set forth in Paragraphs 5-11 as if fully set forth herein.

13.     Because the parties were partners in business dealings, Cohen owed Stettner a fiduciary duty of good faith and fair dealing.  In using his position of trust to his advantage and against Stettner (by withholding Stettner's property), Cohen has breached his fiduciary duty and caused Stettner to suffer damages in excess of $2,000,000.00.  Defendant Kinzler conspired with Cohen to devise a scheme to dispossess Stettner of the merchandise for the mutual benefit and enrichment of both defendants.  Defendants' actions were intentional and in reckless disregard for Stettner's rights in his property.  Defendants' actions were such as require punitive damages, for which Stettner also sues.

## SECOND CLAIM FOR RELIEF

14.     Plaintiff repeats and re-alleges the allegations set forth in Paragraphs 5-13 hereof as if fully set forth herein.

15.     Cohen agreed to reimburse Stettner for a $20,000 deposit on a cancelled contract, but he has breached the agreement.  Cohen also agreed to assemble Stettner's inventory and exhibit it at a Victoria Tse trunk show in Houston, Texas.  In reliance upon Cohen's proposal to market Stettner's merchandise in Houston, Stettner granted Cohen unfettered access to his vault

containing inventory of jewelry and gemstones. Once he gained access, he took possession of the property and has not returned it or otherwise accounted for it, despite agreeing to do so. Cohen breached the agreement to submit the merchandise for a trunk show in Houston and has retained the property for his own enrichment. In the alternative, if there was no express agreement, there was an implied agreement which Cohen breached. In the alternative, if there was no implied agreement, Cohen has unjustly enriched himself by retaining the property as his own without paying Stettner the reasonable fair market value, which exceeds $2,000,000.00.

### THIRD CLAIM FOR RELIEF

16. Plaintiff repeats and re-alleges the allegations set forth in Paragraphs 5-15 hereof as if fully set forth herein.

17. Cohen's representations regarding his intent to market the merchandise were material and false. Stettner relied on these representations to his detriment and suffered damages in excess of $2,000,000,00. In the alternative, Cohen had a duty to inform Stettner of his true intentions, but failed to do so. Such failure is a constructive fraud on Stettner and caused him damages in excess of $2,000,000.00. Defendant Kinzler conspired with Cohen to defraud Stettner and acquire the merchandise for the mutual benefit and enrichment of both defendants. Defendants' actions were intentional and in reckless disregard for Stettner's rights in his property. Defendants' actions were such as require punitive damages, for which Stettner also sues.

### FOURTH CLAIM FOR RELIEF

18. Plaintiff repeats and re-alleges the allegations set forth in Paragraphs 5-17 hereof as if fully set forth herein.

19. Cohen and Kinzler orchestrated a plan to steal and convert Stettner's valuable business property to their own. Defendants' actions constitute conversion and/or theft. Stettner has suffered damages in excess of $2,000,000.00 caused by Defendants' actions. Defendants' actions were intentional and in reckless disregard for Stettner's rights in his property. Defendants' actions were such as require punitive damages, for which Stettner also sues.

## DEMAND FOR JURY

20. Plaintiff requests a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

a. Entry of Judgment against Cohen and Kinzler for Plaintiff's damages and costs incurred in an amount equal to the fair value of Plaintiff's property taken by Defendants;

b. special, consequential, and punitive damages, as proved at trial;

c. Pre-judgment and post-judgment interest; and

d. Such other and further relief as the Court may deem just and proper.

Respectfully submitted,

BRYANT LAW

By: /s/ *W. Joel Bryant*
    W. Joel Bryant
    joel@bryantlaw.net
    State Bar No. 03277975
    SD Texas I.D.  8593
    T. Kyle Bryant
    kyle@bryantlaw.net
    State Bar No. 24078278
    SD Texas I.D. 1393244
    1001 Texas Avenue, Suite 935
    Houston, Texas 77002
    (713) 227-7377

          (713) 227-7977 FAX
ATTORNEY IN CHARGE FOR PLAINTIFF
BRETT S. STETTNER, IND. & D/B/A
STETTNER INVESTMENT DIAMONDS